Thank you both for your interest. Thank you. Madam Clerk, can we call the next matter, please? In re Von Neitsch. Elena Von Neitsch, appearing pro se. Thank you. Good morning, Ms. Neitsch. You have 15 minutes. Because there's no other party appearing, there's really no reason for any reply. So we'll let you go ahead and make your presentation. Okay, thank you very much. Good morning, your honors. Well, I feel like the matter is sufficiently briefed. And I just want to clarify a few things in the short statement, rather. So the bankruptcy court granted a state relief and retroactive annulment based on incorrect legal premises and undisputed factual errors. The first one would be that the state court action is an asset of the estate under 541 until the case closes. Yet the court treated it as if the same never applied. Contrary to 362A paragraph 3. The second annulment was granted solely on creditor's allegations of a bad faith without findings, without evidence. And without applying the Ninth Circuit mandatory fell state factors. I believe it's 12 of them. And the third would be that the bond order that it is a scheduled petition claim to discharge and automatically stayed under the 362A1 and paragraph 6. So I do respectfully ask the panel to reverse the annulment and state relief order because of the court failed to apply controlling law, failed to make required findings and relied clearly on erroneous factual assumptions. Yes. Has your state court action been dismissed?  I have a motion pending.  Okay. So the action is still pending. Yes. Okay. We set for trial. Yeah. And ma'am, you want to go forward with litigation. Yes. In April of 2026. Yes. Okay. The, if I may, the cost bond was ordered based on, as you may be, of course, aware, based on two things that I am not the California resident and based on the fact that the opposing counsel may likely prevail. Well, the first one is incorrect because I am a California resident. And at the time of filing the bankruptcy, the trustee was the one who this estate belonged to. Did you appeal the decision, the state court's decision, that you were not a California resident? Yes. Yes, I did. I presented all the paperwork, the taxes that have been filed for the past seven years. I know you did that. You did that before the court concluded that you were not a California resident. Once the court entered an order saying that you're not a California resident, did you appeal that order? 1030 is not applicable. I guess the word that I would use. What I'm sorry, what I'm trying to say is. The opposing counsel is not likely to prevail in trial because their MSJ got defeated by me, the plaintiff. And in order to for 1030 bond to be adjudicated, both of those things have to be met. I guess what I'm trying to say is continuing to litigate constitutes 1030 waiver and the judge did not go ahead and dismiss the case. We are set for trial of April 2026. So the trial court in California is going to let you proceed without posting a bond? Yes.  Are you asking for on appeal? This one each. No, because it seems like there's no state now you're going to proceed. So litigation is going to take its course. If you're opposing counsel, even if we were to find that there was a violation of the state, all that means essentially is that the motion to dismiss goes away. Right. And then as we filed. Well, we're looking for 1030 bond claim. Not is to not be. But that's not before us. The only thing I'm before is the violation of relief from stay. Yes, which filing of the motion to dismiss. Yeah, I'm looking for a retroactive annulment. But even if we, even if we agree with you retroactive active annulment was wrong. All it's going to do is wipe away the motion to dismiss. So if you proceed going forward. Council can still bring that motion again and see. That's, that's fine. They could try to do that. But as of right now, the 9th circuit precedent establishes that the contingent on liquidated claim is a debt and a claim is a right to payment. And the novelty of this particular issue is whether a cost bond in a state court that was due 3 days after the chapter 7 bankruptcy petition was filed as collectible. And if the state of California overrides the federal protection for present and future. But I'm a little confused. Oh, go ahead. Go ahead. Go ahead. Judge Corbett. I'm trying to figure out how that's even relevant how there's some dispute here is that if you're granted relief from this court that there should have been no retroactive. Relief from stay. There's still relief from state to go ahead with the loss, you know, go ahead. Because there's no state because you've been granted discharge. And you've already told us that you're going to go to trial. Your answer to my question was, yes, that the trial court is going to let you proceed without posting a bond. So, if you can go ahead with your trial, I'm sure what additional relief we can afford you. Well, the. The technically the state is moot and direct. But director active annulment is not. I understand that. Okay, but let's say what does what does reversing the retroactive annulment give you. You want you want it. You're still going to be able to proceed with your lawsuit. You said you can proceed without posting a bond. Yes. So how does the retroactive annulment. Affect your case in any way. Yeah, there is no order to dismiss it. So the court did not dismiss it yet. And the motion to dismiss is still pending. So, if I don't post the bond effectively, they might dismiss the entire case. That means that they're trying to collect the debt. That was the petition debt and was discharged. Okay, two things here. Okay. I see your argument, you know, debts that can be discharged with the debts that are incurred pre petition. Okay, if the defendants brought a new motion for a bond. That only covered post petition. Items, what would prevent them from doing that? Well, nothing that could do that, but motion has not been heard for dismissal and the court did not rule on it yet. So they're awaiting for decision from this battlefield. So, if I understand correctly. The motion to dismiss that was filed in April of this year is still pending before the state court. Yes. They haven't made a decision on it. Yes.  And. Why do you believe that you could go for without posting any further bond in the state court action? Because I defeated the MSJ and another bond is most likely not going to happen because they have no reason for it. So. That argument would apply. Even if they brought a post discharge. Motion for a bond. Yes. Is that matter before the state court? Have you raised that argument? Yes, did it rejected or or. Is it pending it's it's waiting for. Sorry, not it's they are the court is waiting for the decision from this. The summary judgment decision that happened before or after the order on the post the bond. After, yeah, it was after. So, the summary judgment decision came after you were ordered to post a bomb, but before the bankruptcy. No, it was after the post the bond. When, when, when was the motion for summary judgment. Filed and heard, I believe it was. April 28. So, that motion was filed by the defendants on April 28. It was on the 30th. Sorry, but it was heard on the 28th. It was filed on what date January 30th. And it was heard on the April 28th. And, yeah, after the bankruptcy.  Yes, in your litigation with the defendants. Has there been any argument that the bond. The defendants are asking for whether that bond. Will or will not cover pre petition. That's a bond was petitioned and enlisted. Bond was part of the petition. Okay, but the bond could cover. Litigation expenses, either pre petition or post petition. Has anybody asserted that the bond will cover expenses that were incurred. Before you file for bankruptcy. Well, yes, they are a petition and yes, they were. They were listed their petition.  All right. Anything else? No, as I was just saying that. I respectfully ask the panel to reverse the announcements and the state. Because of the court's failure to apply the control in law. All right. Any other questions. No, thank you very much. I'll include your argument. We'll try to get a decision as quick as possible. Matter will be deemed submitted. Thank you. Thank you very much. Thank you.
judges: Spraker, Corbit, and Niemann